# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**PATRICK LEWIS HUBBARD**                                                        **PLAINTIFF**

**V.**                                **Civil No. 5:17-cv-05037**

**DETECTIVE EDDIE WEIMER; PUBLIC**                         **DEFENDANTS**
**DEFENDER JOHNATHAN VAUGHT;**
**and JOHN DOE PROSECUTOR**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Patrick Lewis Hubbard, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is currently incarcerated in the Benton County Detention Center.

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff is awaiting trial on pending criminal charges. (Doc. 1, p. 4). Plaintiff alleges that Defendant Weimer provided false information in order to obtain an arrest warrant against him. (Doc. 1, pp. 4-5). Plaintiff also alleges Defendant Weimer charged him with two crimes for the same act, resulting in a double jeopardy claim. (Doc. 1, pp. 6-7). Plaintiff alleges John Doe

-1-

Prosecutor arraigned him for two crimes for the same act, maliciously prosecuted him, and knew of Defendant Weimer's perjury on the arrest warrant affidavit. (Doc. 1, pp. 7,9). Plaintiff alleges Public Defender Vaught committed deliberate indifference when he kept Defendant Weimer's perjury on the arrest warrants from the Court. (Doc. 1, p. 10).

As relief, Plaintiff asks for punitive damages and any other fines, fee, penalties the Court finds it should impose. (Doc 1, p. 12).

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, ...to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal because they are barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th

Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted).

Further, prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors were entitled to absolute immunity from suit).

Finally, Plaintiff failed to state a cognizable claim against the public defender. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that the public defender

failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous and/or asserted against an individual immune from suit. The case is **DISMISSED WITH PREJUDICE** as to John Doe Prosecuting Attorney and Public Defender Vaught, and **WITHOUT PREJUDICE** as to Detective Weimer. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 25th day of April, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE